Ms. Sonja Knighton City Attorney for Miami Gardens 501 Northeast 8th Street Fort Lauderdale, Florida 33304
Dear Ms. Knighton:
As the City Attorney for the City of Miami Gardens, you have asked for my opinion on substantially the following question:
Pursuant to the provisions of Chapter 189, Florida Statutes, is a municipality authorized to monitor a community development district created pursuant to Chapter 190, Florida Statutes, when the district is located wholly within the boundaries of the municipality?
This office recently issued Attorney General Opinion 2004-59 to the City of Miami Gardens. That opinion discussed the provisions of Chapter 190, Florida Statutes, the "Uniform Community Development District Act of 1980," and the Municipal Home Rule Powers Act, Chapter 166, Florida Statutes. The opinion concluded that municipalities lack general home rule powers to monitor the activities of community development districts. You have requested that this office reconsider this question in light of additional information. Specifically, you ask whether, pursuant to Chapter 189, Florida Statutes, a municipality may monitor the activities of a community development district operating wholly within the boundaries of the municipality.
Chapter 189, Florida Statutes, is the "Uniform Special District Accountability Act of 1989." Section 189.402, Florida Statutes, provides the general statement of legislative purpose and intent for adoption of Chapter 189. One of the purposes for adoption of Chapter 189 was to centralize all legislation governing special districts and to "[i]mprove the enforcement of statutes currently in place that help ensure the accountability of special districts to state and local governments."[1]
With regard particularly to independent special districts, the Legislature also determined that
"[i]t is in the public interest that any independent special district created pursuant to state law not outlive its usefulness and that the operation of such a district and the exercise by the district of its powers be consistent with applicable due process, disclosure, accountability, ethics, and government-in-the-sunshine requirements which apply both to governmental entities and to their elected and appointed officials."[2]
As expressed in this section, the Legislature found that "special districts operate to serve a public purpose and that this is best secured by certain minimum standards of accountability designed to inform the public and appropriate general-purpose local governments of the status and activities of special districts."[3] Further, "[i]t is the intent of the Legislature that this public trust be secured by requiring each independent special district in the state to register and report its financial and other activities."[4] The statute recognizes that special districts are created to serve specific purposes and that special districts should cooperate and coordinate their activities with units of general-purpose local government.[5]
For purposes of the act a "special district" is defined in section189.403(1), Florida Statutes, as:
"a local unit of special purpose, as opposed to general-purpose, government within a limited boundary, created by general law, special act, local ordinance, or by rule of the Governor and Cabinet. The special purpose or purposes of special districts are implemented by specialized functions and related prescribed powers. . . . The term does not include a school district, a community college district, a special improvement district created pursuant to s. 285.17, a municipal service taxing or benefit unit as specified in s. 125.01, or a board which provides electrical service and which is a political subdivision of a municipality or is part of a municipality."
A community development district operating pursuant to Chapter 190, Florida Statutes, would appear to fall within the scope of this definition.[6] In addition, section 189.4031(1), Florida Statutes, requires that "[a]ll special districts, regardless of the existence of other, more specific provisions of applicable law, shall comply with the creation, dissolution, and reporting requirements set forth in this chapter."
Section 189.428, Florida Statutes, establishes an oversight review process for special districts. The intent of the Legislature in adopting an oversight process is set forth in section 189.428(1), Florida Statutes:
"The Legislature finds it to be in the public interest to establish an oversight review process for special districts wherein each special district in the state may be reviewed by the local general-purpose government in which the district exists. The Legislature further finds and determines that such law fulfills an important state interest. It is the intent of the Legislature that the oversight review process shall contribute to informed decisionmaking. These decisions may involve the continuing existence or dissolution of a district, the appropriate future role and focus of a district, improvements in the functioning or delivery of services by a district, and the need for any transition, adjustment, or special implementation periods or provisions. Any final recommendations from the oversight review process that are adopted and implemented by the appropriate level of government shall not be implemented in a manner that would impair the obligation of contracts."
The statute requires that any oversight review process take place in conjunction with special district public facilities reporting and the process for the local government evaluation and appraisal report contained in section 189.415(2).[7] The order of special district review is within the discretion of the reviewer and, for single-county independent special districts such as a community development district, may be done by a county or a municipality in which the district is located.[8] If the district serves an area greater than the boundaries of the municipality, the district may only be reviewed by the county on the county's own initiative or upon receipt of a request from any municipality served by the special district.[9] Thus, section 189.428, Florida Statutes, authorizes a municipality to monitor the activities of a community development district operating wholly within the boundaries of the municipality.
Section 189.428(5), Florida Statutes, establishes criteria for the oversight review process. At a minimum, the reviewer must consider the criteria listed in the statute when it is evaluating the special district. It may also consider "any additional factors relating to the district and its performance." The criteria to be considered by the reviewer include:
"(a) the degree to which the service or services offered by the special district are essential or contribute to the well-being of the community.
(b) The extent of continuing need for the service or services currently provided by the special district.
(c) The extent of municipal annexation or incorporation activity occurring or likely to occur within the boundaries of the special district and its impact on the delivery of services by the special district.
(d) Whether there is a less costly alternative method of delivering the
service or services that would adequately provide the district residents with the services provided by the district.
(e) Whether transfer of the responsibility for delivery of the service or services to an entity other than the special district being reviewed could be accomplished without jeopardizing the district's existing contracts, bonds, or outstanding indebtedness.
(f) Whether the Auditor General has notified the Legislative Auditing Committee that the special district's audit report, reviewed pursuant to s. 11.45(7), indicates that the district has met any of the conditions specified in s. 218.503(1) or that a deteriorating financial condition exists that may cause a condition described in s. 218.503(1) to occur if actions are not taken to address such condition. (Section 218.503, Fla. Stat., relates to a determination of financial emergency.)
(g) Whether the district is inactive according to the official list of special districts, and whether the district is meeting and discharging its responsibilities as required by its charter, as well as projected increases or decreases in district activity.
(h) Whether the special district has failed to comply with any of the reporting requirements in this chapter, including preparation of the public facilities report.
(i) Whether the special district has designated a registered office and agent as required by s. 189.416, and has complied with all open public records and meeting requirements."[10]
The final report of a reviewing government must be filed with the government that created the district.[11]
In addition to the oversight review process established by section 189.428, Florida Statutes, Chapter 189 contains other monitoring or oversight provisions. Section 189.415, Florida Statutes, requires independent special districts to submit to each local general-purpose government in which they are located, a public facilities report and an annual notice of changes.[12] Pursuant to section 189.417, Florida Statutes, the governing body of each special district must file a schedule of its regular meetings with the local governing authority. Finally, under section 189.418(6), Florida Statutes, a local governing authority may, in its discretion, review the budget or tax levy of any special district located solely within its boundaries.[13]
Therefore it is my opinion that various provisions of Chapter 189, Florida Statutes, particularly section 189.428, Florida Statutes, authorize a municipality to monitor or oversee the activities of a community development district located wholly within the boundaries of the municipality as authorized by that statute.
Sincerely,
Charlie Crist Attorney General
CC/tgh
[1] Section 189.402(2)(a), Fla. Stat.
[2] Section 189.402(3)(b), Fla. Stat.
[3] Section 189.402(6), Fla. Stat.
[4] Id.
[5] Section 189.402(7), Fla. Stat.
[6] Section 190.003(6), Fla. Stat., defines "[c]ommunity development district" as
"a local unit of special-purpose government which is created pursuant to this act and limited to the performance of those specialized functions authorized by this act; the boundaries of which are contained wholly within a single county; the governing head of which is a body created, organized, and constituted and authorized to function specifically as prescribed in this act for the delivery of urban community development services; and the formation, powers, governing body, operation, duration, accountability, requirements for disclosure, and termination of which are as required by general law."
[7] Section 189.428(2), Fla. Stat.
[8] Section 189.428(3), Fla. Stat.
[9] Section 189.428(3)(b), Fla. Stat.
[10] Section 189.428(5) (a — i), Fla. Stat.
[11] Section 189.428(7), Fla. Stat. Community development districts are established as set forth in section 190.005, Florida Statutes, pursuant to administrative rule adopted by the Florida Land and Water Adjudicatory Commission.
[12] See s. 189.415(2), Fla. Stat.
[13] And see s. 189.418(7), Fla. Stat., which provides that when the local governing authority is a municipality, the special district must file reports required to be filed by ss. 189.415, 189.416, and 189.417, Fla. Stat., "at the place designated by the municipal governing body."